# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRAL EATON, FRANK EATON, SR., and FLORENCE MCGEE,<br><br>         Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>         Defendant. | Case No.: 16cv3025-MMA (MDD)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO SUBSTITUTE PARTY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25**<br><br>[Doc. No. 21] |

  Plaintiffs Dyral Eaton, Frank Eaton, Sr., and Florence McGee commenced this action alleging violations of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and Alabama state law claims for invasion of privacy by intrusion upon seclusion, negligent and wanton hiring and supervision, and mental anguish and emotional distress. Doc. No. 1-1. On December 11, 2018, counsel for Plaintiffs filed a statement noting the death of Plaintiff McGee. *In re: Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, No. 11-md-2286-MMA (MDD), Doc. No. 647. Plaintiffs now move to substitute Dyral Eaton, "as Successor in Interest to Plaintiff Florence McGee[.]" Doc. No. 21 at 1. The motion is unopposed. *See* Docket.

  Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion

1

for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Thus, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008).

The motion to substitute is timely. Plaintiffs' counsel filed the notice suggesting Plaintiff McGee's death on December 11, 2018, served this notice on the substitute on April 29, 2019 when Plaintiff McGee's Last Will and Testament was found. *See* Doc. No. 21 at 1; *see also In re: Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, No. 11-md-2286-MMA (MDD), Doc. No. 647.

Additionally, the claims pleaded are not extinguished. Decedent asserted claims under the TCPA and FDCPA. *See* Doc. No. 1-1. The Ninth Circuit has recognized that claims under the FDCPA survive the plaintiff. *Cruz Int'l Collection Corp.*, 673 F.3d 991, 996 (9th Cir. 2012) (issuing an order regarding the FDCPA after plaintiff was substituted). Also, TCPA claims seeking monetary damages do not expire upon the plaintiff's death. *See Jewett v. Bishop, White Marshall & Weibel, P.S.*, No. CV 12-10142 PSG (MRWx), 2013 WL 6818245, at *2 (C.D. Cal. Feb. 25, 2013) (finding that "the claims pleaded are not extinguished" and permitting substitution by sole distribute of decedent's estate in action asserting claims under the FRCPA, RFDCPA, and TCPA). Moreover, Alabama state law tort claims do not expire upon a plaintiff's death. *See*, *e.g.*, Ala. Code § 6-5-462 (1975) ("In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives[.]"); *see also Bobo v. Agco Corp.*, 981 F. Supp. 2d 1130, 1133-34 n.6 (N.D. Ala. 2013).

Finally, Dyral Eaton is a proper party for substitution. Rule 25(a)(1) requires that Plaintiff provide evidence that Dyral Eaton is decedent's successor in interest or legal representative. Fed. R. Civ. P. 25(a)(1). Plaintiffs' counsel attached Plaintiff McGee's Last Will and Testament, which lists Dyral Eaton as the sole beneficiary and personal representative. Doc. No. 21 at 5-6.

Accordingly, Dyral Eaton has met the requirements of Rule 25(a) and the Court **GRANTS** the unopposed motion for substitution.

**IT IS SO ORDERED**.

Dated: May 15, 2019

Hon. Michael M. Anello
United States District Judge